ALONZO G. FOSS and others *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

May 25, 1885.

**Negligence of Railway Company.**—Evidence considered, and *held* sufficient to sustain the verdict.

Plaintiffs brought this action before a justice of the peace in McLeod county, to recover the value of a horse alleged to have been killed through the negligence of defendant's employes.   Judgment having been rendered in favor of plaintiffs, the defendant appealed to the district court for the same county, where the action was tried before *Macdonald,* J., and a jury, and plaintiffs had a verdict.   A new trial was denied and judgment was entered, from which defendant appeals.

*A. P. Fitch* and *W. H. Norris,* for appellant.

*E. S. Alexander,* for respondents.

GILFILLAN, C. J.[1]   On both the questions of defendant's and plaintiffs' negligence, the case was fairly one for the jury.   It appears that along the south side of defendant's freight depot, at Brownton, there

---

[1] Berry, J., was absent and took no part in this case.

runs a narrow platform used for loading and unloading freight, and receiving it for transportation; that along this platform runs a side track so near, as is fair to infer from the evidence, that a horse and dray could not be driven beside the platform without being, partly at least, on the track; that the track is in a cut, so that to a horse and dray, entering at one end of the depot to drive along the platform, there is no exit except by driving through to the other end of the depot. It is evident, therefore, that along-side of this platform is a dangerous place for teams to be when there are cars moving along this track; that, indeed, it is almost inevitable that they should be injured by any car passing. There was a car loaded with lumber standing on the track not far from one end of the depot, there being a down grade from where the car stood along past the depot. The evidence tends to show that defendant's agent, in charge of the depot, had just given the owner of the lumber leave to run the car by hand down past the depot to the owner's lumber-yard for the purpose of unloading, when the plaintiffs' servant, driving their horse and dray with a load to be shipped on the cars, asked the agent where he should deliver the load, and was by the agent directed to this side platform, and, not knowing of the leave to move the car, drove there accordingly. If the jury found these to be the facts, they might well find that defendant was negligent and plaintiffs' servant was not; for it was the clear duty of the agent, knowing as he did that it was not safe for a team to be beside this platform when a car was moving along the track, and that this car might be moved at any time, not to send plaintiffs' servant in there till the car had passed, or to see to it that the car did not move till he unloaded and got out; and plaintiffs' servant had a right to assume, from the direction of the agent, that the place would be safe for a reasonable time for him to drive in, unload, and drive out, and, having no notice that the car was about to be moved, it was not negligence in him to act on such direction; and the evidence was not such as to require a finding that the injury was in any way owing to anything done or omitted by the servant after he had driven into the cut.

Judgment affirmed.